BENIGNA PÉREZ GRACIANI Y SU ESPOSO ANGEL M. IRIZARRY, demandantes y apelados, *v.* ANA MARÍA MANESCAU Y CONDE, demandada y apelante.

No. 6286.—*Sometido:* Mayo 8, 1933. *Resuelto:* Mayo 10, 1933.

*R. Atiles Moréu,* abogado de la apelante; *C. Olivieri,* abogado de los apelados.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

Este pleito se inició en la Corte de Distrito de Ponce en febrero de 1932. La demandada presentó primero una moción eliminatoria y luego una excepción previa que fueron declaradas sin lugar. Contestó entonces aceptando que debía la suma de $600 que se le reclamaba, pero alegando que la deuda había prescrito. Aceptó también que se comprometió a pagar la otra suma de $444.18 que se le reclamaba, pero alegó que aún no estaba vencida la deuda. Alegó además que no debía los intereses que se le exigían, y otra vez, en forma de defensa especial, la prescripción de la deuda de $600.

Fué el pleito a juicio y la corte lo falló en contra de la demandada. De su relación del caso y opinión parece oportuno transcribir lo que sigue:

"La vista del caso se celebró ante esta Corte de Distrito, previo señalamiento en el calendario general de asuntos civiles, el día 7 de octubre de 1932; habiendo comparecido a dicho acto los demandantes y demandada por medio de sus respectivos abogados, señores Cipriano Olivieri y Rafael Atiles Moréu.

"Los demandantes presentaron evidencia testifical y documental, que fué admitida. La demandada no presentó evidencia de clase alguna.

"La Corte, como resultado de las admisiones hechas en la contestación de la demandada y de la evidencia introducida por la parte demandante, la cual no fué contradicha, declara probados satisfactoriamente todos y cada uno de los hechos alegados en la demanda.

"Por todo lo anteriormente expuesto y visto el artículo 1058 del Código Civil (Compilación del Año 1911), la Corte es de opinión que debe dictarse una sentencia declarando que la ley y los hechos en este caso están a favor de los demandantes Benigna Pérez Graciany y su esposo Angel M. Irizarry, y en contra de la demandada Ana María Manescau Conde, y que debe declararse con lugar en todas sus partes la demanda y, consecuentemente, condenar a la demandada a pagar a los demandantes la suma total reclamada de UN MIL DOSCIENTOS ONCE DÓLARES CON VEINTIDÓS CENTAVOS, ($1,211.22), más intereses de dicha suma, que correspondan, desde la interposición de la demanda de este caso hasta su completo pago; con más las costas y desembolsos de este pleito y honorarios de abogado de los demandantes."

No conforme la demandada apeló. La transcripción quedó radicada en esta corte en febrero 18, 1933 y tres días más tarde el alegato de la apelante. En marzo 2 radicaron el suyo los apelados.

Así las cosas, los apelados presentaron en mayo 1º actual una moción para que la apelación se desestime por frívola. La apelante se opuso por escrito. La vista de la moción se celebró el 8 de mayo sin asistencia de las partes.

Sólo dos errores contiene el alegato de la apelante, a saber, que la corte de distrito erró al condenarla a pagar $1,211.22 más intereses de dicha suma hasta su completo pago, y también erró al imponerle las costas.

Discutiendo el primer error expresamente consigna la apelante que está conforme con la deuda de $1,211.22. Con lo que no lo está es con que se le condene a pagar intereses al uno por ciento sobre toda la suma hasta su completo pago. Sostiene que el pronunciamiento de la sentencia debió ser como sigue:

"(a) Se condena a la demandada a pagar la suma de $600 más intereses sobre dicha suma desde la interposición de la demanda hasta su completo pago al 1 por ciento mensual.

"(b) Se condena a la demandada a pagar la suma de $444.18 más intereses sobre dicha suma desde la interposición de la demanda hasta el 30 de sept. 1932, al 1 por ciento mensual.

"(c) Se condena a la demandada a pagar la suma de $96.00 de intereses sobre $600, más intereses al 6 por ciento anual sobre dichos $96, desde la interposición de la demanda hasta su completo pago.

"(d) Se condena a la demandada a pagar la suma de $71.04 de intereses sobre $444.18, más intereses al 6 por ciento anual sobre dichos $71.04, desde la interposición de la demanda hasta su completo pago."

Y es no sólo basándose en las constancias de los autos si que también en el propio alegato de la parte apelante, que la parte apelada sostiene que el recurso es frívolo.

No hay duda de la verdad de la reclamación y de la justicia de la sentencia en cuanto al principal de las deudas reclamadas y ordenadas pagar. Veamos lo que resulta en cuanto a los intereses. La sentencia condenó a la demandada a pagar

"los que correspondan" y la parte apelada sostiene que dentro de ese pronunciamiento general está comprendido el específico a que se refiere la apelante en su alegato.

Siendo ello así, admitiendo como admite expresamente en su alegato la parte apelada que la sentencia debe interpretarse y significa en cuanto al pago de los intereses lo que alega la parte apelante, no hay cuestión, y no debe dilatarse por más tiempo la tramitación de este recurso.

Resta sólo la consideración del otro error. No existe fundamento alguno para concluir que la Corte sentenciadora hizo mal uso de su discreción al imponer las costas. Si la parte apelante hubiera adoptado en la Corte *a quo* la actitud que ha adoptado en la de apelación y hubiera propuesto que se dictara una sentencia en la forma que ahora admite como justa, claro es que no se le hubieran impuesto las costas del litigio. Pero ella presentó mociones y excepciones, y contestó alegando la prescripción de uno de los créditos que se le reclamaban y el no vencimiento del otro. Todo sin razón. Nada más justo que pague las costas que con su defensa temeraria causara a su acreedor.

*Con la aclaración hecha en cuanto a los intereses, resulta en verdad enteramente frívolo el recurso y debe ser en tal virtud desestimado.*